MAIR, MAIR, SPADE & THOMPSON
A Professional Corporation
Attorneys at Law
238 A.F.C. Flores Street
Suite 801, Pacific News Building
Hagåtña, Guam 96910
Telephone: (671) 472-2089/90
Facsimile: (671) 477-5206

Attorneys for Defendants Felix P. Camacho, Rosanne Ada
and Dr. Andrea Leitheiser

CIVILLE & TANG, PLLC
330 Hernan Cortez Avenue, Suite 200
Hagåtña, Guam 96910
Telephone: (671) 472-8868
Facsimile: (671) 477-2511

Attorneys for Plaintiffs J.C., S.F., J.M. and R.A.

FILED
DISTRICT COURT OF GUAM
AUG 3 1 2007
JEANNE G. QUINATA
Clerk of Court

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| J.C., a person with a disability,<br>S.F., a person with a disability, and,<br>J.M., a person with a disability,<br><br>   Plaintiffs,<br><br>vs.<br><br>FELIX P. CAMACHO, in his official capacity as Governor of Guam,<br><br>ROSANNE ADA, in her official capacity as Director of the Department of Integrated Services for Individuals with Disabilities,<br><br>DR. ANDREA LEITHEISER, in her official capacity as Acting Director of the Department of Mental Health and Substance Abuse,<br><br>   Defendants. | CIVIL CASE NO. CIV01-00041<br><br>**STIPULATION**<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>*as previously consolidated with* |

| | | |
|---|---|---|
| 1 | R.A., a person with a disability, ) | CIVIL CASE NO. CIV04-00005 |
| 2 | Plaintiff, ) | |
| 3 | ) | |
| 4 | FELIX P. CAMACHO, in his official ) capacity as Governor of Guam, ) | |
| 5 | ) | |

The purpose of this Stipulation is to resolve Plaintiffs' motion for contempt filed March 26, 2007, Defendants' Motion to Modify the Amended Permanent Injunction filed May 11, 2007, and to extend the dates for compliance with deadlines set forth in the Order filed August 15, 2005 ("08/15/05 Order") and the Stipulation dated December 2, 2005 ("12/02/05 Stipulation"). The Court, being fully advised of the premises, and good and lawful cause thereupon showing, hereby approves the stipulation and modifies the Amended Permanent Injunction, 08/15/05 Order and 12/02/05 Stipulation as follows:

## I. ASSURANCES OF COMPLIANCE

Defendants maintain that they have not been able to comply with certain deadlines established in the Amended Permanent Injunction and subsequently extended by the 08/15/05 Order and 12/02/05 Stipulation. Plaintiffs dispute the contentions of the Defendants. However, in order to resolve the dispute, Plaintiffs are entering into this Stipulation, which further extends the aforesaid deadlines, and have been persuaded to do so because Defendants have represented that: (1) there have been changes in Defendants' management and the current management team is committed to complying with the requirements of the Amended Permanent Injunction; (2) the Defendants have consulted with professionals and clinicians, including Andrea Leitheiser, Ph.D., Judith Avery, Ph.D., Laura Post, M.D. Ph.D., and Zenaida Napa Natividad, Ph.D, who have advised Defendants that the new deadlines set forth herein are realistic and obtainable and that Defendants can and will meet these deadlines without need of any further

extensions; and (3) the Defendants are fully committed to achieving compliance with the goals of the Amended Permanent Injunction. As shall be further discussed, *infra*, in order to provide additional assurances of timely compliance with the deadlines set forth herein, the Defendants are also agreeing to the appointment of Court Monitors, who will monitor the progress towards compliance with the new deadlines, and provide monthly written reports to the Court.

## II. COURT MONITOR

The parties stipulate that Monitors be appointed to monitor the Defendants' progress in complying with the terms of the Amended Permanent Injunction and any subsequent orders of the Court relating to the Amended Permanent Injunction.

**A.     Appointment of Monitors**. The parties agree to the appointment of dual Monitors. Defendants collectively shall designate one person of their choosing to serve as a Monitor. Plaintiffs collectively shall designate one person of their choosing to serve as a Monitor. In the event either Monitor is unable to continue serving as Monitor, the party who designated such Monitor shall designate a replacement Monitor.

**B.     Responsibilities and Powers of the Monitor**.

1.      The Monitors shall have full authority to assess, review, and report independently on the Defendants' implementation of and compliance with the provisions of Court orders and Parties' stipulations. No Party, nor any employee or agent of any Party, shall have any supervisory authority over the Monitors' activities, reports, findings, or recommendations. The Monitors shall not make any public statements to the media or otherwise regarding their findings, reports, or communications with the Court, parties, individuals or consumers.

2. The overall duties of the Monitors shall be to at least monthly observe, review, report findings, and make recommendations, where appropriate, with regard to the implementation of Court orders and Parties' stipulations. The Monitors shall at least monthly review the therapeutic and rehabilitation services provided to individuals to determine the Defendants' implementation of and compliance with this Court's orders and the Parties' stipulations. During the Monitors' at least monthly review, the Monitors shall have full and complete access to all of Defendants or their contract providers' buildings and facilities, staff, and to plaintiffs and those individuals similarly situated, i.e. individuals who are inpatients or residents of Defendants' facilities, individuals who have previously been inpatients or residents in Defendants' facilities, individuals at risk of being placed as inpatients or residents in Defendants' facilities, and individuals who have sought admission as an inpatient or resident to Defendants' facilities but who have been denied admission thereto (collectively "target consumers"). The term target consumers does not include individuals who are not, have not been or have not sought to be inpatients or residents of Defendants' facilities.

3. In conducting their reviews as set forth above, the Monitors shall have full and complete access to all of the target consumers' records, documentation, and information relating to the issues addressed in the Court's orders and Parties' stipulations. The disclosures to the Monitors as outlined above shall be pursuant to the Order of this Court. In accordance with 45 C.F.R. 164.512(e)(1) and (e)(1)(i) written authorization or the agreement of the target consumers for such disclosure is not required. In accordance with the provisions of 42 U.S.C.A. §290dd-2, the Monitors shall not have access to a target consumer's records relating specifically to alcohol or substance abuse education, prevention, training, treatment,

rehabilitation or research, except in accordance with federal law regulating alcohol and substance abuse records.

4. Defendants shall require that all of their employees, and all contract providers and the employees of all contract providers, cooperate fully with the Monitors or the Monitors' consultants. The Monitors shall be permitted to initiate and receive ex parte communications with the Parties and the Special Master. The Monitors shall devote such time as is necessary to fulfill the purposes of their duties and responsibilities as set forth herein.

5. The Monitors shall consult with the Parties and shall submit a written plan with regard to the methodologies to be used by the Monitors to assess the Defendants' compliance with and implementation of the Amended Permanent Injunction, Court's orders and Parties' stipulations. The Monitors' evaluation shall include: at least monthly on-site inspection of facilities and programs for target consumers, interviews with administrators, professionals and other staff, contractors, and target consumers, and detailed review of pertinent documents and target consumer records. The Parties' envision that the Monitors may provide specific recommendations to the Defendants with regard to steps to be taken to come into compliance with the Amended Permanent Injunction, Court's orders and Parties' stipulations. The Monitors shall not be empowered to direct the Defendants to take, or to refrain from taking, any specific action to achieve compliance with the Amended Permanent Injunction, Court's orders and the Parties' stipulations, but the Monitors may include in their reports to the Special Master recommendations that the Court enter such orders as the Monitors deem appropriate.

5

6. In any instance in which either party disagrees as to compliance, the Court shall give such deference to the Monitors' assessment of compliance as the Court deems appropriate.

7. The Monitors shall provide the Court, counsel for the Plaintiffs and counsel for the Defendants with a written report as soon as possible, but at least within thirty (30) days of each tour, and shall detail with as much specificity as possible how the Defendants are or are not in compliance with particular provisions of the Amended Permanent Injunction, Court's orders and Parties' stipulations. Upon the achievement of eighteen (18) months of substantial compliance with any substantive paragraph(s) of the Court's orders and Parties' stipulations, no further reporting shall be required on that paragraph.

8. The Defendants shall notify the Monitors immediately upon the death of any current target consumer. The Defendants shall forward to the Monitors copies of any completed incident reports related to deaths of target consumers, autopsies and/or death summaries of target consumer residents, as well as all final reports of investigations that involve target consumers.

9. In the event the Monitors disagree with each other as to any particular matter addressed in such monthly report, the disagreement shall be noted, and each Monitor's position and basis for such position shall be set forth within the Report.

**C. Consultants.** Either Monitor can, with notice to all parties, request that the Court permit the Monitors to hire consultants to assist the Monitors in carrying out their duties. If the Court approves the hiring of a consultant, the fees and expenses of such consultant shall be paid by the Defendants in such manner as the Court may direct.

### D. Reimbursement and Payment Provisions

1. The cost of the Monitors shall be borne by the Defendants in this action. All reasonable expenses incurred by the Monitors, in the course of the performance of the duties of the Monitors, shall be reimbursed by the Defendants. Neither Monitor shall seek reimbursement for fees, costs or expenses in excess of $8,333.34 per month. The parties agree that this amount should decrease after two years and the Defendants reserve their right to seek a reduction in the cap amount to be paid to the Monitors at that time.

2. The Monitors shall submit no less than monthly invoices to the Defendants, with copies to the Plaintiffs and the Court, detailing all expenses the Monitors incurred during the prior month. These invoices shall include daily records of time spent and expenses incurred, and shall include copies of any supporting documentation, including receipts. The Defendants agree to pay each month's invoice in full within sixty (60) days of receipt of the monthly invoice from the Monitors. Where the Monitor(s) and Defendants are unable to resolve any invoice dispute, the Monitor(s) and/or the Defendants may petition the Court to resolve the dispute.

### III. WAITING LISTS.

Defendants submitted a Waiting list to Plaintiffs in July, 2007, and a revised Waiting List in August, 2007. The parties have had an initial meeting to discuss the Waiting List, and the Plaintiffs are of the opinion that the process for creating the Waiting List has substantial shortcomings and does not adequately address the directives of the Amended Permanent Injunction. The parties agree to meet and confer and provide the Special Master with a substantive solution to the problem within thirty (30) days of this Stipulation. In the event that the parties are unable to reach agreement on a substantive solution, the parties shall submit their

7

respective positions to the Court for resolution. The Monitors shall be included in meetings on this process.

Defendants have advised the Plaintiffs that DMHSA and DISID, upon completion of the aforesaid review, may seek to amend, pursuant to the Administrative Adjudication Act, the Grievance Procedures and Waiting Lists Procedures in order to conform them to the Amended Permanent Injunction, Court's orders and JCAHO standards, and in order to streamline the procedures to ensure compliance with the applicable deadlines. Defendants shall provide opportunities for Plaintiffs and interested consumers to meaningfully participate in the process of revising the Grievance Procedures and Waiting Lists Procedures as they are being formulated, and to comment on any proposed revisions. Defendants shall obtain the Court's approval for the proposed amendments prior to holding hearings under the Administrative Adjudication Act.

## IV. AMENDED PLAN -- DEADLINE FEBRUARY 15, 2008

On February 15, 2008 the Defendants shall submit to the Plaintiffs and the Special Master for their approval a revised Guam Comprehensive Integration Plan that amends and updates the Guam Comprehensive Integration Plan previously submitted by Defendants on October 11, 2005 and conditionally approved by the Plaintiffs. In developing the Comprehensive Implementation Plan, Defendants shall comply with the requirements of the Amended Permanent Injunction, including without limitation, section III (B) of the Amended Permanent Injunction.

## V. MINIMUM CARE REQUIREMENTS

Defendants affirm that it is their goal to become JCAHO accredited, and to use JCAHO standards as a "measuring stick" for measuring Defendants' progress toward compliance with

their obligation to meet minimum care standards. Plaintiffs agree that progress toward JCAHO accreditation can be made incrementally, and that as each of Defendants' programs or facilities achieve JACHO accreditation, that Program or facility will be deemed to have met the minimum care requirements under the Amended Permanent Injunction.

By October 1, 2007, the Directors of DMHSA and DISID shall submit to Plaintiffs' counsel and the Special Master for their approval a list of measurable milestones identifying the steps necessary for JCAHO accreditation. The list of measurable milestones shall contain specific dates for the proposed completion of the periodic performance review required for JCAHO accreditation. Plaintiffs agree that, with respect to any facility or program reviewed in the *Evaluation of DMHSA and DISID Programs: JCAHO Accreditation Readiness, Comprehensive Plan and Minimum Care Requirements* prepared by Silverlake Behavioral Associates, LLC and submitted to Defendants in October, 2006, Defendants may, but are not obligated to, satisfy the requirement of having measurable milestones by adopting Silverlake's checklists and recommendations as to each such facility and program.

Plaintiffs reserve their right to maintain on a case-by-case basis that minimum care requirements have not been met even though DMHSA and/or DISID have achieved JCAHO compliance and accreditation. Defendants reserve their right to maintain on a case-by-case basis that minimum care requirements have been met even though DMHSA and/or DISID have not achieved JCAHO compliance and accreditation.

## VI. ATTORNEYS' FEES.

The Court entered a Permanent Injunction on June 8, 2004 and an Amended Permanent Injunction on June 30, 2005. The parties agree that Plaintiffs' post-judgment Motion for Order to Show Cause was related to reasonable monitoring of compliance with the Amended

9

Permanent Injunction and Orders of the Court, and has had the effect of enforcing compliance with the Court's injunction. As such, the Defendants understand that the Plaintiffs are seeking reimbursement for reasonable attorneys' fees and costs incurred in the Motion for Order to Show Cause. Defendants further agree that legal authority exists to authorize the Court to award such fees and costs. Defendants' reserve their right to object to any future award of attorneys' fees for subsequent motions or proceedings in this case. Likewise, Plaintiffs reserve their right to maintain that they are entitled to attorneys' fees for any future motion. Payment of the attorneys' fees awarded to the Plaintiffs by the Court for their Motion for Order to Show Cause shall be made to the trust account of Plaintiffs' counsel within thirty (30) days of the date of this Stipulation.

## VII. MISCELLANEOUS

A. The deadlines in the Amended Permanent Injunction, 08/15/05 Order, and 12/02/05 Stipulation are modified only as set forth in this Stipulation.

B. Plaintiffs agree that hearing on their Motion for Order to Show Cause Re Contempt filed March 26, 2007 shall be stayed until February 28, 2008, at which time the motion shall be withdrawn if the Defendants are in compliance with the Amended Permanent Injunction, and subsequent orders of the Court (including any Order adopting or incorporating the terms of this Stipulation). Defendants shall withdraw their Motion to Modify the Amended Permanent Injunction filed May 11, 2007.

C. Nothing in this Stipulation shall be construed as an admission by Plaintiffs that Defendants are in compliance with provisions of the Amended Permanent Injunction which are not specifically addressed by this Stipulation, or as a waiver by the Plaintiffs of any claims they may have relating to Defendants' compliance with the Amended Permanent Injunction and

subsequent orders of the Court or their right to seek appropriate relief for the failure by Defendants to comply with provisions of the Amended Permanent Injunction and any subsequent orders of the Court.

D.  This Stipulation and each of its provisions shall not be construed as an admission by Defendants or any of their representatives of any fault, wrongdoing, negligence, willful misconduct or liability of any kind whatsoever and this instrument is entered into solely as a compromise in an effort to obviate further litigation, controversy, costs, and expenses.

E.  This Stipulation shall become effective when it is approved by the Court.

**SO STIPULATED:**

| | |
|---|---|
| CIVILLE & TANG, PLLC | MAIR MAIR SPADE & THOMPSON<br>A Professional Corporation |
| _____<br>G. PATRICK CIVILLE<br>Attorneys for Plaintiffs | _____<br>DAVID A. MAIR<br>Attorneys for Defendants |
| OFFICE OF THE GOVERNOR | DEPARTMENT OF INTEGRATED SERVICES FOR INDIVIDUALS WITH DISABILITIES |
| _____<br>FELIX P. CAMACHO<br>*acting Governor of Guam*<br>Defendant | _____<br>ROSANNE ADA, *Director*<br>Defendant |
| DEPARTMENT OF MENTAL HEALTH & SUBSTANCE ABUSE | PUBLIC GUARDIAN OF GUAM<br>*Guardian for Plaintiff R.A. and S.F.* |
| _____<br>DR. ANDREA LEITHEISER, *Director*<br>Defendant | _____<br>JOHN WEISENBERGER |