UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

J.C. et al.

    Plaintiff,

v.

CAMACHO et al.,

    Defendant.

No. CV 01-0041 CBM

ORDER:
(1) DENYING PLAINTIFFS' MOTION FOR APPOINTMENT OF RECEIVER WITHOUT PREJUDICE;
(2) TERMINATING THE COURT MONITORSHIP AND VACATING THE ORDER APPOINTING THE COURT MONITORS; and
(3) APPOINTING A FEDERAL MANAGEMENT TEAM

1

The matter before the Court is Plaintiffs' Motion for Appointment of Receiver. [Docket No. 661.]

Based on the following, the Court **DENIES** Plaintiffs' Motion without prejudice, instead opting to invoke its broad equitable powers and its powers pursuant to Federal Rule of Civil Procedure 70 to **ORDER AND ESTABLISH the creation of a Federal Management Team** which shall be vested with the authority to perform all acts necessary to achieve compliance with and to implement the Amended Permanent Injunction, issued by this Court on June 30, 2005, [Docket No. 307], and all previous and subsequent Orders of this Court related to the development and delivery of community-based services in Guam for those with mental illness or developmental disabilities that meets both minimum constitutional and statutory standards of care.

**I.     BACKGROUND**

This case has been pending for nearly nine years. Plaintiffs are a group of mentally ill individuals residing in Guam who filed suit against Defendants (the then Director of the Department of Mental Health and Substance Abuse; the Governor; and the then Director of the Department of Integrated Services for Individuals with Disabilities) on July 25, 2001, claiming, *inter alia*, that Guam's failure to provide community-based living services to the mentally ill violated the federal constitution. [Docket No. 1.]

Following a bench trial, the Court found that Defendants had discriminated against Plaintiffs by requiring them to reside in Adult In-patient Units ("AIU") to receive services. The Court also found that: (1) Plaintiffs were not receiving proper care and appropriate community-based services; (2) Defendants had violated the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973; and (3) Defendants violated Plaintiffs' constitutionally-protected liberty interest to be free from "undue restraint" under *Youngberg v. Romeo*, 457 U.S. 307, 319-23 (1982). [Docket No. 276.]

A permanent injunction consistent with these findings was issued on June 4, 2004. [Docket No. 277.] On June 30, 2005, the Court issued an Amended Permanent Injunction. [Docket No. 307.]

The entry of the Amended Permanent Injunction has not resulted in the significant and enduring reform, which the Court not only envisioned, but the mentally ill and developmentally disabled population in Guam deserves. Defendants have a long history of non-compliance with this Court's Orders and the Court has taken significant measures to ensure Defendants' compliance. These measures include: the appointment of a Special Master to oversee Defendants' compliance, [Docket No. 272], findings on two separate occasions that Defendants were in contempt for "fail[ing] to meet the deadlines and requirements set forth by the Permanent Injunction" [Docket No. 217 at p. 2:5-7; Docket No. 606], and the appointment of Court Monitors to "monitor [Defendants'] progress in complying with the terms of the Amended Permanent Injunction and any subsequent [O]rders of the Court relating to the Permanent Injunction." [Docket No. 433 at p. 3:8-11.]

Recently, the Court tried a new approach. Rather than issue wide-sweeping Orders with long-term milestones and deadlines, the Court issued Minute Orders requiring Defendants to take concrete, discrete and immediate steps toward compliance. Although Defendants have complied with some of these Orders, their compliance has been far from satisfactory. Defendants have ignored many of the Court's Orders and their compliance with others has languished.

The Amended Permanent Injunction is over six years old and Defendants are no closer today to full implementation than they were several years ago. Indeed, with the recent departure of high level officials in the Department of Mental Health and Substance Abuse, the Court finds that Defendants' compliance is deteriorating rather than improving. Accordingly, the Court has lost confidence in Defendants' ability to comply with and implement the Amended Permanent Injunction, and concludes that an independent team is necessary to ensure that Guam has a

community-based suite of services that meets both constitutional and statutory standards of care for the mentally ill and developmentally disabled. Six years is too long to ask those in Guam to wait for a constitutionally compliant community-based mental health system. Unless the Court intervenes, the population in Guam, especially those in need of care, will be waiting even longer.

## II. COURT'S EQUITABLE POWERS

A district court has inherent equitable powers to fashion relief and to take remedial action to effectuate compliance with its orders. *See Dixon v. Barry*, 967 F. Supp. 535, 550 (D.D.C. 1997). In addition, Federal Rule of Civil Procedure 70 provides:

> If a judgment requires a party to . . . perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done — at the disobedient party's expense — by another person appointed by the court. When done, the act has the same effect as if done by the party.

This Court is thus empowered to "take such means as are necessary to enforce its judgment finding a violation by a state agency and its officials of the constitutional rights" of citizens, *Glover v. Johnson* 855 F.2d 277, 278 (6th Cir. 1988), including the appointment of a receiver or some alternative thereto.

## III. THE FEDERAL MANAGEMENT TEAM

Based on the foregoing, the Court concludes that a Federal Management Team is necessary to achieve compliance with the Amended Permanent Injunction. Indeed, all less drastic measures have failed to convince Defendants of either the need for reform or to induce their compliance. *See id.* ("appointment of the administrator is, in essence, an effort . . . to enforce the injunctive order."); *see also Dixon*, 967 F. Supp. at 550 (no reasonable alternatives). Accordingly, the Court hereby **establishes the Federal Management Team** which shall be charged with all the duties and powers necessary to achieve full compliance with the Amended Permanent Injunction.

//

The Court **FURTHER ORDERS and APPOINTS** the current Court Monitors, Dr. James Kiffer and Mr. James Casey (appointed on November 27, 2007 [Docket No. 448]), to serve as the members of the Federal Management Team.

To that end, the Court **hereby TERMINATES the Court Monitorship and VACATES** the Order Appointing the Court Monitors, [Docket No. 448], and **ORDERS** the following with respect to the Federal Management Team:

### IV. <u>DUTIES AND RESPONSBILITIES</u>

The members of the Federal Management Team shall individually and jointly have the duties and responsibilities to enforce the Amended Permanent Injunction and to fulfill this Order. The Federal Management Team members' individual and joint duties and responsibilities shall include, but are not limited to:

A. Developing within Guam an integrated and comprehensive community-based system of services for persons with mental illness, developmental disabilities, and/or both, which shall provide all members of target population with timely and accessible care in the least restrictive setting, commensurate with each individual's needs. For the purposes of this Order, and as used herein, the "target population" refers to: (1) consumers at Residential Group Homes; (2) inpatients at AIU-1 or AIU-2 for whom community-based care is indicated; and (3) individuals on the Wait List.

B. Overseeing, supervising and directing all financial, contractual legal, administrative and personnel functions of Department of Mental Health and Substance Abuse ("DMHSA") and the Department of Integrated Services for Individuals with Disabilities ("DISID") to the extent they relate to the delivery of services to the target population, and restructuring DMHSA and

|   |   | DISID into an organization/organizations that is/are oriented toward advancing the goal of providing members of the target population with timely and accessible care in the least restrictive setting possible. |
|---|---|---|
|   | C. | Preserving, protecting, managing, buying, selling and administering all DMHSA and DISID property and assets. |
|   | D. | Developing, improving and enforcing management systems, performance standards, quality improvement measures and policies and procedures within DMHSA and DISID as they relate to the delivery of services to the target population. |
|   | E. | Establishing working relationships with the Guam government, the Guam Governor and Legislature, and local and federal agencies as is necessary to achieve the purpose of this Order. |
|   | F. | Establishing relationships and improving relations between DMHSA and DISID and members of the target population and their respective families or care-providers. |
|   | G. | Improving DMHSA's and DISID's relationship with the community at large in Guam, improving the perception and appearance of DMHSA and DISID in the community, and familiarizing those in the community with the mission and purpose of DMHSA's and DISID's community-based programs for those with mental illnesses and developmental disabilities. |
|   | H. | Promoting consumer involvement in the planning, evaluation, and delivery of community-based programs for those with mental illnesses and developmental disabilities and consulting with health care professionals in the delivery of, and latest advances in community-based programs for those with mental illnesses and developmental disabilities. |

The Federal Management Team shall submit to the Court a Plan of Action no later than sixty (60) days after the date of this Order. The Plan of action shall include: (1) a review of current conditions within DMHSA and DISID as they relate to the fulfillment of this Order; and (2) a statement of specific objectives and tasks that the Federal Management Team will undertake to fulfill this Order, and the time frame within which they will be accomplished.

The Court shall review the Plan of Action. The Federal Management Team shall file and serve the Plan of Action upon the Court's approval thereof. The Federal Management Team shall report to the Court every ninety (90) days following approval of the Plan of Action on: (1) major actions taken within the preceding ninety (90) days; (2) progress made toward achieving the objectives set forth in the Plan of Action; and (3) any modifications or additions to the objectives and tasks that the Federal Management Team has undertaken in fulfillment of this Order.

The Federal Management team is responsible solely to this Court. The members of the Federal Management Team shall not be personally liable for any act done in compliance with this Order. No suit shall be filed against the members of the Federal Management Team without the consent of the Court, and the members of the Federal Management Team shall be indemnified for all legal liability in the same manner and to the same extent as other agency heads within the government of Guam.

## V. POWERS AND AUTHORITIES

The members of the Federal Management Team shall individually and jointly have all the powers and authorities to implement the Amended Permanent Injunction and to fulfill this Order, including, but not limited to:

 A.  All powers over DMHSA and DISID currently exercised by both the Acting Director/Director of DMHSA and her staff and the Director of DISID and her staff with respect to the provision of

| | | services to the target population. |
|---|---|---|
| | B. | The full and complete access to the staff, documents, books, records, electronic databases and facilities of DMHSA and DISID and to make any and all DMHSA and DISID staff, personnel, employees and items available to any consultants, accountants, attorneys or other such persons employed by the Federal Management Team. |
| | C. | Supervision of all government of Guam employees whose duties and responsibilities relate to the target population or are otherwise needed to assist the Federal Management Team in implementing this Order and the Amended Permanent Injunction. |
| | D. | The power to establish personnel policies; to create, abolish or transfer positions; to recruit and to hire, to terminate, to promote, to evaluate the performance of and to transfer DMHSA and DISID staff. |
| | E. | The power to oversee the performance of existing contracts. The power to negotiate new contracts, renegotiate existing contracts, and terminate new/existing contracts. |
| | F. | The power to hire and terminate a staff to assist the Federal Management Team in implementing the duties and authorities identified in this Order. This power shall include the power to hire all consultants, professionals, contractors, engineering firms, or counsel which the members of the Federal Management Team deem necessary for the performance of administrative, financial, legal, accounting, engineering, construction and operations services related to the implementation of the Amended Permanent Injunction and/or fulfillment of this Order. |
| | G. | The power to restructure and reorganize the management and |

|   |    | administrative divisions of DMHSA and DISID. |
|---|----|---|
|   | H. | The power to acquire, dispose of, modernize, repair and lease DMHSA and DISID property and assets. |
|   | I. | The power to petition the Court for such additional powers as are necessary to obtain compliance with this Order. The Federal Management Team may, at any time, apply to this Court for instructions and/or modification of this Order, and may seek instructions as to whether funds should be expended for a particular purpose. |

The Federal Management Team shall exercise its authority in a manner consistent with the law and regulations of Guam and of the United States of America. Where, however, laws or regulations clearly prevent the Federal Management Team from carrying out their duties and responsibilities, identified in this Order, the Federal Management Team may petition the Court to waive any requirements imposed thereby.

In the event of a conflict between the Federal Management Team and either DMHSA's Acting Director/Director and/or DISID's Director with respect to either compliance with the Amended Permanent Injunction and/or decisions affecting the target population, the Federal Management Team's decision controls.

The parties, including DMHSA's and DISID's staff and employees, shall comply with this Order and are enjoined from interfering in any manner, or from failing to cooperate either directly or indirectly with the Federal Management Team in the performance of its functions and duties. Those who fail to cooperate directly or indirectly with the Federal Management Team or with this Court's Order may be held in contempt of Court.

## VI. **REMUNERATION**

Defendants DMHSA and DISID shall pay all costs incurred in the implementation of the policies, plans and decisions of the Federal Management

Team relating to the fulfillment of this Order, including the Federal Management Team's reasonable fees for their services, and the fees and costs associated with the hiring of staff and/or necessary consultants.

### A. Posting of Funds with the Clerk of Court

The Court therefore Orders Defendants DMHSA and DISID to post with the Clerk of this Court an initial *res* of $1.5 million within seven (7) days of the date of this Order. The Clerk of the Court is Ordered to deposit this *res* of $1.5 million dollars, into an interest-bearing account, said funds to remain on deposit pending further Order of this Court. The Clerk of the Court shall determine the particular bank institution and type of account to be utilized.

The Court further Orders that counsel for DMHSA and DISID shall personally serve a copy of this Order thereof on the Clerk of Court or the Chief Deputy Clerk. Absent the aforesaid service, the Clerk of Court is hereby relieved from any personal liability relative to compliance with this Order.

Any and all additional *res* Ordered by the Court to be posted with the Clerk of the Court shall be done so in accordance with and pursuant to this Section and the preceding paragraphs, above.

### B. Use of Posted Funds

The Clerk of the Court shall use/release the *res* only upon Order of the Court. The *res* shall only be used for costs, fees and expenses associated with implementing the Amended Permanent Injunction and complying with this Order.

### C. Cost of Implementation and Statement of Proposed Fees and Expenses

The Federal Management Team shall submit to the Court a statement of proposed fees and expenses for the implementation of Amended Permanent Injunction and this Order no later than thirty (30) days after the date of this Order. The Federal Management Team may include fees/salaries associated with the hiring of staff and/or necessary consultants in their statement of proposed fees and expenses.

Upon approval of the Plan of Action and the Federal Management Team's statement of proposed fees and expenses, the Court shall Order Defendants DMHSA and DISID to post an additional *res* with the Clerk of Court for the difference between the cost of implementation of the Amended Permanent Injunction and this Order, as reported in the approved Plan of Action and the statement of proposed fees and expenses, and the initial *res* posted with the Clerk of the Court.

Commencing on the date of this Order, the Federal Management Team shall file and serve on a monthly basis a summary of the time spent and the expenses incurred during the month immediately preceding, along with a billing statement and request for compensation, including any fees and salaries associated with the hiring of any staff/consultants. The Court shall review the request for reasonableness. Unless the Court finds the requested fees and expenses are unreasonable, the Court shall issue an Order directing the Clerk of the Court to pay the fees and costs incurred by the Federal Management Team from the *res* deposited with the Court.

## VII. **CONTINUING JURISDICTION AND TERMINATION OF THE FEDERAL MANAGEMENT TEAM**

This Court retains specific and continuing jurisdiction to enforce the provisions of this Order, and to enter such further Orders to effectuate compliance with the Amended Permanent Injunction. This Court retains jurisdiction to enable any party, subject to this Order, to apply to this Court at any time for further Orders and directions as may be necessary or appropriate to carry out or construe this Order, to modify any of its provisions, to enforce compliance, and to punish those who disobey or violate its provisions.

The Court further **VACATES**: (1) the Court's July 1, 2009, Order No. 3 [Docket No. 609]; (2) the Court's July 1, 2009, Order No. 15, [Docket No. 621]; and (3) the Courts' October 23, 2009, Order No. 10. [Docket No. 682]. Accordingly, Defendants are hereby **relieved** of the requirement of submitting monthly: (1) Individualized Psychological and Behavioral Services Identified and

Provided Status Reports; (2) Status Reports Documenting Defendants' Compliance with the Amended Permanent Injunction; and (3) Joint Reports on Compliance with the Amended Permanent Injunction. Unless otherwise Ordered by the Court, Defendants are not relieved of their obligation pursuant to this Court's July 1, 2009, Order No. 9, [Docket No. 615], to submit monthly reports on the Safety Inspections of the Residential Group Homes.

**THIS ORDER shall remain in effect** until such time as the Amended Permanent Injunction and all other Orders of this Court related thereto have been fully complied with and fully implemented, and the Federal Management Team is no longer necessary to assure compliance with the Amended Permanent Injunction and ongoing operation of a community-based system meeting minimum constitutional and statutory standards of care for those persons with mental illness or development disabilities, unless: (1) the Federal Management Team recommends termination of this Order as no longer necessary, or modification thereof, and said termination or modification is accepted by this Court; (2) the Federal Management Team requests to be relieved and such request is approved by this Court; (3) this Order is otherwise terminated by this Court.

This Order becomes effective as of the date of the signing below.

IT IS SO ORDERED.

DATED: March 2, 2010          By _____
                              CONSUELO B. MARSHALL
                              UNITED STATES DISTRICT JUDGE