


**UNITED STATES DISTRICT COURT**

**TERRITORY OF GUAM**

| | |
|---|---|
| J.C., a person with a disability, et al.,<br>Plaintiffs,<br>vs.<br>EDDIE B. CALVO, in his official capacity as Governor of Guam, et al.,<br>Defendants. | Case No.: CV 01-00041<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |

The matter before the Court is Defendants' motion to dismiss for lack of jurisdiction. (Dkt. No. 1209 ("Motion").)

## I. BACKGROUND

On July 25, 2001, two Plaintiffs, J.C. and S.F., brought the present action for declaratory and injunctive relief. On November 8, 2001, the complaint was amended to add a third plaintiff, J.M. All three Plaintiffs asserted claims seeking "appropriate community-based living services." (Dkt. No. 276 (Findings of Fact and Conclusions of Law) at 3-5.) After a bench trial in 2004, the Court found in favor of Plaintiffs and entered a permanent injunction. (Dkt. No. 277.) On February 3, 2004, a fourth Plaintiff, R.A., file a separate action seeking the same relief. The parties entered into a stipulation that R.A. was similarly situated to the Plaintiffs in this action. On October 6, 2004, R.A.'s action was consolidated with this action, and this action's findings, conclusions, and orders were made applicable to R.A. (Dkt. No. 288.) The permanent injunction was subsequently

 ORIGINAL

amended on June 30, 2005. (Dkt. No. 307 ("Amended Permanent Injunction").) Neither the original permanent injunction nor the Amended Permanent Injunction was appealed.

Defendants now seek dismissal of the case, based on the following stipulated facts:

1. Plaintiffs J.C. and S.F. are deceased.
2. Plaintiff J.M. now lives on the mainland and is not receiving services from Guam Behavior Health and Wellness Center ("GBHWC").
3. Plaintiff R.A. is a resident at Karidat BC, Latte Heights, Guam.[1]

## II. LEGAL STANDARD

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1869)). Article III of the Constitution limits federal courts' jurisdiction to actual cases or controversies and thus "precludes federal courts from deciding questions that cannot affect the rights of the litigants in the case before them." *ProtectMarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 834 (9th Cir. 2014) (internal quotations omitted). Accordingly, the judicial branch "loses its power to render a decision on the merits of [a] claim when a federal court can no longer effectively remedy a 'present controversy' between the parties." *Id.* (internal quotations, citations omitted).

## III. DISCUSSION

Defendants argue that there is no longer a live controversy between the parties and therefore the action must be dismissed for lack of jurisdiction. The

---

[1] Karidat BC is a community-based program offered by Catholic Social Services, which is funded by GBHWC. It is geared toward those "requiring moderately to minimally structured environments." (Motion at 3.)

Court disagrees. In this case, a final judgment has already been entered in the form of a permanent injunction, and the time to appeal has long expired. Defendants do not contend that the Court lacked jurisdiction when it entered the permanent injunction or when it amended the injunction. They simply contend that there is not presently a live case or controversy before the Court. But it does not follow from this that dismissal is necessary or even possible.

There is no longer a live controversy as to Plaintiffs' claims because the Court's entry of judgment in this action terminated the controversy and closed the case. Although the judicial branch "loses its power to render a decision on the merits of [a] claim when [it] can no longer effectively remedy a 'present controversy' between the parties," *Bowen*, 752 F.3d at 834 (internal quotations, citations omitted), Defendants have not identified any claims remaining to be decided on the merits. Because judgment has already been entered and become final, there are no claims left in this action over which the Court might exercise jurisdiction and there is thus nothing left to be dismissed.[2] All proceedings relating to this action since the entry of judgment have been proceedings to enforce the judgment; they have not involved adjudication of additional claims. Accordingly, insofar as Defendants seek dismissal, their motion is procedurally improper for its failure to identify anything remaining in this action that could be the object of a dismissal order.[3]

Although Defendants have not articulated as much in their motion, it is possible they do not actually seek dismissal of anything in this action, but are

---

[2] Defendants argue that "this case has gone beyond the relief sought in Plaintiffs' complaints ... and beyond the United States Supreme Court's holding in *Olmstead*." (*See, e.g.*, Dkt. No. 1218 ("Reply") at 8.) This, however, is a challenge to the scope of the injunction, not to the Court's jurisdiction to enter it. Because the time for appeal has passed, any challenge Defendants wish to make now to the scope of the injunction must meet the standards of Fed. R. Civ. P. 60(b).

[3] For the same reason, it is not clear what practical or legal significance a dismissal could have at this point in the proceedings. The case would remain closed, and the Amended Permanent Injunction would remain in full force and effect. In short, a "dismissal" made after the entry of final judgment on all claims would be meaningless.

instead attempting to challenge Plaintiffs' standing to enforce the Amended Permanent Injunction through contempt proceedings. To the extent that is Defendants' real intent, they are correct that a party seeking enforcement of an injunction must demonstrate standing to do so. *See, e.g.*, *Salazar v. Buono*, 559 U.S. 700, 712 (2010) (plurality opinion) ("Of course, even though the Court may not reconsider whether [Plaintiff] had standing to seek the 2002 injunction, it is still necessary to evaluate his standing in [this action] to seek application of the injunction...."). However, this standard is easily met where the party seeking enforcement is the party who originally obtained the injunction. *See id.* ("A party that obtains a judgment in its favor acquires a 'judicially cognizable' interest in ensuring compliance with that judgment. Having obtained a final judgment granting relief on his claims, [Plaintiff] had standing to seek its vindication.") (internal citations omitted). Accordingly, the Court finds that Plaintiff R.A. retains standing to seek enforcement of the Amended Permanent Injunction.[4]

Certain arguments in Defendants' motion suggest they believe that the Amended Permanent Injunction is no longer necessary due to changes that have occurred since it was entered. (*See, e.g.* Reply at 8 ("GBHWC has fundamentally changed how it delivers mental health care to consumers by shifting to an interdisciplinary treatment team based model of care, and instituting a multidisciplinary treatment plan and evaluation system for each consumer.").) To the extent Defendants believe that the Amended Permanent Injunction is no longer warranted, they have filed the wrong motion. In order to seek relief from the injunction itself, Defendants must file a motion pursuant to Fed. R. Civ. P. 60(b) and make the showing required under the Supreme Court's and the Ninth Circuit's jurisprudence. *See, e.g.*, *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367 (1992);

[4] Because the Court finds that Plaintiff R.A. has standing, the Court need not determine whether Plaintiff J.M. would independently have standing to pursue contempt proceedings.

*Horne v. Flores*, 557 U.S. 433 (2009); *Flores v. Huppenthal*, 789 F.3d 994 (9th Cir. 2015).

## IV. CONCLUSION

Defendants' motion to dismiss is denied as procedurally improper. This denial is without prejudice to Defendants' seeking any relief that may be available under Rule 60(b).

**IT IS SO ORDERED.**

DATED: September 21, 2018

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE