

UNITED STATES DISTRICT COURT

TERRITORY OF GUAM

| | |
|---|---|
| J.C., a person with a disability, et al., <br>     Plaintiffs, <br> vs. <br> EDDIE B. CALVO, in his official capacity as Governor of Guam, et al., <br>     Defendants. | Case No.: CV 01-00041 <br><br> **ORDER RE: PLAINTIFFS' MOTIONS FOR ORDERS TO SHOW CAUSE IN RE: CONTEMPT** |

The matters before the Court are Plaintiffs' motions for orders to show cause why Defendants should not be held in contempt for (a) failing to "proceed forward" in obtaining accreditation from the Joint Commission of Accreditation of Healthcare Organizations ("Joint Commission" or "JCAHO") or the Centers for Medicare & Medicaid Services ("CMS"); and (b) failing to provide Plaintiff R.A. with annual multi-disciplinary evaluations.

## I. BACKGROUND

On July 25, 2001, two Plaintiffs, J.C. and S.F., brought the present action for declaratory and injunctive relief. On November 8, 2001, the complaint was amended to add a third plaintiff, J.M. All three Plaintiffs asserted claims seeking "appropriate community-based living services." (Dkt. No. 276 (Findings of Fact and Conclusions of Law) at 3-5.) After a bench trial in 2004, the Court found in favor of Plaintiffs and entered a permanent injunction. (Dkt. No. 277.) On February 3, 2004, a fourth Plaintiff, R.A., file a separate action seeking the same

1

ORIGINAL

relief. The parties entered into a stipulation that R.A. was similarly situated to the Plaintiffs in this action. On October 6, 2004, R.A.'s action was consolidated with this action, and this action's findings, conclusions, and orders were made applicable to R.A. (Dkt. No. 288.) The permanent injunction was subsequently amended on June 30, 2005. (Dkt. No. 307 ("Amended Permanent Injunction").)

## II. LEGAL STANDARD

"Civil contempt ... consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014) (quoting *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)). A contempt sanction is "considered civil and remedial if it either 'coerce[s] the defendant into compliance with the court's order, [or] ... compensate[s] the complainant for losses sustained.'"[1] *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994) (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947)). "The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by 'clear and convincing evidence,' not merely a preponderance of the evidence." *Inst. of Cetacean Research*, 774 F.3d at 945 (quoting *Dual-Deck*, 774 F.3d at 695).

## III. DISCUSSION

### A. Accreditation

Plaintiffs seek to hold Defendants in contempt "for failure to proceed forward in obtaining Joint Commission or CMS accreditation." (Dkt. No. 1202 at 2.) In order to seek contempt for this failure, Plaintiffs must establish that any such failure violated "a specific and definite court order." *Inst. of Cetacean Research*, 744 F.3d at 945. Neither the original permanent injunction of June 2004 nor the

---

[1] In contrast, a contempt sanction "is punitive and criminal if it is imposed retrospectively for a 'completed act of disobedience.'" *Bagwell*, 512 U.S. at 828.

Amended Permanent Injunction of June 2005 mentions accreditation of any kind. Plaintiffs rely instead on two documents they contend contain specific and definite court orders. The first is a stipulation between the parties from December 2, 2005. However, the 2005 stipulation was never approved by the Court. Accordingly, none of its provisions constitute a "court order" as necessary to serve as the basis for a contempt finding.

Plaintiffs also rely on a second stipulation entered into between the parties on August 31, 2007, which was approved by the Court on November 27, 2007 (Dkt. No. 448). The 2007 stipulation contained the following language:

> Defendants affirm that it is their goal to become JCAHO accredited, and to use JCAHO standards as a "measuring stick" for measuring Defendants' progress toward compliance with their obligation to meet minimum care standards....
>
> By October 1, 2007, the Directors of DMHSA and DISID shall submit to Plaintiffs' counsel and the Special Master for their approval a list of measurable milestones identifying the steps necessary for JCAHO accreditation. The list of measurable milestones shall contain specific dates for the proposed completion of the periodic performance review required for JCAHO accreditation....

(Dkt. No. 433 ("2009 Stipulation") at 8-9.)

While this stipulation affirms Defendants' goal to become accredited, it does not contain a specific order requiring them to actually achieve accreditation. The stipulation contains only one specific and definite mandate relating to accreditation: "By October 1, 2007, the Directors of DMHSA and DISID shall submit to Plaintiffs' counsel and the Special Master for their approval a list of measurable milestones identifying the steps necessary for JCAHO accreditation."

Defendants complied with this mandate. (*See* Dkt. No. 437 (Defendants' list of measurable milestones re: JCAHO accreditation, filed October 1, 20017).)

Beyond the requirement of compiling "a list of measurable milestones" toward accreditation, the 2007 stipulation contains no other specific and definite order that Defendants "proceed forward" in obtaining Joint Commission accreditation, and Plaintiffs have identified no other provision in any court order that would be violated by a failure to do so. However, despite the lack of any specific court order requiring Defendants to obtain accreditation, the Court is advised that Defendants have in fact obtained accreditation from another accreditation agency, CARF International. (*See* Dkt. No. 1224.) The Court therefore finds Defendants to be in substantial compliance with the Amended Permanent Injunction and the Court's prior orders insofar as they relate to accreditation. Accordingly, Plaintiffs' motion seeking to hold Defendants in contempt "for failure to proceed forward in obtaining Joint Commission or CMS accreditation" is **DENIED**.

B. **MDTT Evaluations**

Plaintiffs also seek to hold Defendants in contempt for alleged failures to provide Plaintiff R.A. with adequate multidisciplinary annual evaluations. The Amended Permanent Injunction provides that "psychiatrists shall serve on a Multi-Disciplinary Treatment Team ('MDTT') for any Plaintiff whose individualized service includes the use of behavior modifying medication or for whom such has been recommended." (Dkt. No. 307 ("Amended Permanent Injunction") at § I.J.1.) It further provides:

> B. The Defendants shall undertake the following measures:
> 1. The Defendants shall conduct an interdisciplinary evaluation of each Plaintiff to determine the specific areas in which each individual needs training.

> a. These multi-disciplinary evaluations shall be repeated for all Plaintiff[s] [at] annual intervals, unless required more frequently by each Plaintiff's needs.
>
> ...
>
> 2. Within 30 days of the completion of each Plaintiff's interdisciplinary evaluation, develop and implement a professionally-based, individualized skills training and support program for each Plaintiff.
>
> C. The Defendants shall provide Plaintiffs with adequate, appropriate and timely occupational therapy, physical therapy, speech therapy, or physical assistance support service[s] to meet the individualized needs of Plaintiffs.

(Amended Permanent Injunction at § II.B-C.)

Plaintiffs contend that Defendants have not conducted annual evaluations of Plaintiff R.A. as required under § II.B.1.a. Specifically, they argue that no evaluation was performed between November 2015 and June 2017. However, Defendants have submitted multi-disciplinary evaluations of R.A. that were conducted in April–May of 2016 and June of 2017. Accordingly, Plaintiffs have not shown by clear and convincing evidence that Defendants failed to conduct annual evaluations of R.A. as required under the Amended Permanent Injunction.

Plaintiffs also contend the multi-disciplinary team that conducted R.A.'s November 2015 evaluation did not include a psychiatrist, as required under § I.J.1. There does not appear to be a psychiatrist's signature on R.A.'s November 2015 evaluation, which supports a finding that no psychiatrist participated in that year's evaluation. However, the purpose of civil contempt is not to punish past disobedience, but "to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947). R.A.'s 2016 and 2017

evaluations do include a psychiatrist's signature, and Plaintiffs have provided no evidence showing that contempt sanctions are necessary to compel future compliance with this provision of the Amended Permanent Injunction. Nor have Plaintiffs presented any evidence of loss to R.A. resulting from the 2015 violation that would require compensation.

Accordingly, any contempt sanction the Court would impose for the 2015 violation would simply constitute punishment for past disobedience. *See, e.g., Gompers v. Buck Stove & Range Co.*, 221 U.S. 418, 442-43 (1911) (Where "the disobedience is a thing accomplished[,] ... [contempt] operates, not as a remedy coercive in its nature, but solely as punishment for the completed act of disobedience."); *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828 (1994) (contempt sanction "is punitive and criminal if it is imposed retrospectively for a 'completed act of disobedience'") (quoting *Gompers*). Such punishment falls outside the proper scope of civil contempt and requires procedural protections beyond those available in civil proceedings. *Bagwell*, 512 U.S. at 826 ("Criminal contempt is a crime in the ordinary sense and criminal penalties may not be imposed on someone who has not been afforded the protections that the Constitution requires of such criminal proceedings.") (internal quotations, citations omitted).

Plaintiffs have not demonstrated by clear and convincing evidence that contempt sanctions are necessary to compel Defendants' future compliance with § I.J.1 of the Amended Permanent Injunction or to compensate R.A. for losses sustained as a result of past non-compliance. Accordingly, Plaintiffs have not established that the absence of a psychiatrist's signature from R.A.'s 2015 annual evaluation warrants civil contempt sanctions.

Finally, Plaintiffs argue that Defendants' failure to provide a dedicated speech therapist for R.A. constitutes a violation of the Amended Permanent Injunction, which requires Defendants to "provide Plaintiffs with adequate,

appropriate[,] and timely occupational therapy, physical therapy, speech therapy, or physical assistance support service[s] to meet the individualized needs of Plaintiffs." (Amended Permanent Injunction at § II.C.) Although Defendants have provided R.A. with speech therapy, it has been provided by a psychologist rather than a dedicated speech therapist. Plaintiffs contend that any speech therapy provided by R.A.'s psychologist is insufficient to meet R.A.'s individualized needs.

Defendants have advised the Court that they are willing to have a speech therapist evaluate R.A. to determine whether the services of a professional speech therapist are necessary to meet R.A.'s individualized needs. The Court finds that this information would be helpful in resolving Plaintiffs' motion. Accordingly, Plaintiffs' motion is hereby continued[2] pending Defendants' submission of a report evaluating R.A.'s need for the services of a professional speech therapist.

## IV. CONCLUSION

Plaintiffs' motion for an order to show cause why Defendants should not be held in contempt "for failure to proceed forward in obtaining Joint Commission or CMS accreditation" is **DENIED**. Plaintiffs' motion for an order to show cause why Defendants should not be held in contempt for failure to conduct annual reviews of R.A.'s treatment plan is **DENIED**. Plaintiffs' motion for an order to show cause why Defendants should not be held in contempt for failure to ensure the participation of a psychiatrist in the 2015 annual evaluation of R.A.'s treatment plan is **DENIED**. Plaintiffs' motion for an order to show cause why Defendants should not be held in contempt for failure to provide R.A. with adequate, appropriate, and timely speech therapy to meet R.A.'s individualized needs is

---

[2] The Court stated at the hearing on Plaintiffs' motion that the matter would be taken under advisement or submitted. However, because additional evidence is to be provided, the Court clarifies that the matter is continued rather than submitted.

**CONTINUED** pending Defendants' submission of a speech therapist's evaluation of R.A.

**IT IS SO ORDERED.**

DATED: September 21, 2018

                                                CONSUELO B. MARSHALL
                                                UNITED STATES DISTRICT JUDGE